UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80111-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA

vs.

WILLIAM GILDERSLEEVE,

              Defendant.
_____/

## FACTUAL BASIS IN SUPPORT OF PLEA

If this case were to go to trial, the government would prove the following beyond a reasonable doubt:

William Gildersleeve underreported his taxable income on his electronically-filed federal income tax returns for the years 2013, 2014, and 2015 – in the amounts of $7,526, $4,175, and $2,991, respectively. His total unreported income for this three-year period was $14,692; approximately 32% of his reported income, or 24% of his total taxable income.

On his 2015 Form 1040A Federal Income Tax return, Gildersleeve willfully failed to report income from three employers: an electrical contractor and two personal ride-sharing services. Gildersleeve failed to report income he earned and received totaling $2,991.42 in calendar year 2015. He reported his income as $27,089. This is a material false statement in that he failed to report 9.9% of his total taxable income. Gildersleeve electronically filed his self-prepared 2015 tax return on January 19, 2016, which return was made under the penalty of perjury. He claimed a refund in the amount of $6,261.00, which was to be credited to his NetSpend Visa debit card

account. Had he included the unreported income, Gildersleeve's resulting tax liability would have been higher and his refund amount reduced.

The electrical contractor reported to IRS information regarding its payment of wages to Gildersleeve, in 2015, including Gildersleeve's social security number, home address, the amount of wages paid, and tax withholding retained/remitted to IRS. Gildersleeve continued to work for the electrical contractor in 2016.

One of the two personal ride sharing services (Uber) reported to IRS information regarding its payment of wages to Gildersleeve, in 2015, including his social security number, home address, the amount of wages paid, and tax withholding retained/remitted to IRS. Gildersleeve continued to work for the ride sharing service in 2016.

Gildersleeve received the unreported income from the electrical contractor and both ride-sharing services as electronic credits/deposits into a NetSpend Visa debit card account in his name. He also used his NetSpend debit card to spend the income he earned in 2015 and 2016.

Based on IRS data for Returns Processing Year (hereinafter "RPY") 2016, Gildersleeve's 2015 Form 1040A was submitted on January 19, 2016. Gildersleeve's name, SSN, DOB, and his home address appear in the record for this return; as does his email address: "ktqdesign@XXXXXX.com" and a phone number of: "561-XXX-7163".

Gildersleeve received his 2015 tax refund on March 1, 2016, as reflected by a credit to his NetSpend Visa debit card account, in the (net) amount of $5,167.70.

Post *Miranda*, Gildersleeve admitted he self-prepared and filed his 2015 tax return on the first day of the "E-file" electronic filing season, in January 2016; he used the H&R Block [online] application/website to prepare and file this tax return. Asked what device he used, Gildersleeve said, "My Android [smartphone]."

Asked if he received a Form W-2 from the electrical contractor for 2015, Gildersleeve answered, "Yes."

Asked about driving for the Uber [internet-based] personal ride-sharing service, Gildersleeve said, "That's all self-employed." Asked if he was being paid for driving, he replied, "I made $1,100; they didn't even send me a [Form] 1099 for it." Asked if the $1,100 was from/for Uber, he replied, "Yeah." Asked about Raiser, LLC, Gildersleeve replied, "That's Uber." He explained how the Uber app works; that he earned 80% of the total fares, paid weekly. His portion was deposited onto his NetSpend account. It was mostly the same for Lyft, the other personal ride-sharing service Gildersleeve drove for in 2015.

Asked what he earned driving for the Lyft [internet-based] personal ride-sharing service, Gildersleeve replied, "Lyft was even less." Asked if he received any paperwork from Lyft, he answered, "No. No, it's all on the app. You can pull it up, but they said it wasn't even enough that they were going to send me a [Form] 1099."

The electrical contractor provided information and records indicating Gildersleeve worked for it from November 23, 2015 through May 31, 2016. Gildersleeve directed the electrical contractor to send his pay to the company that processed transactions for his NetSpend debit card

account. Gildersleeve did receive a 2015 Form W-2, in January 2016, which was hand-delivered and/or mailed to him.

                                WIFREDO A. FERRER
                                UNITED STATES ATTORNEY

Date: 9/2/16       By: _____
                                EDWARD C. NUCCI
                                ASSISTANT UNITED STATES ATTORNEY

Date: 9/2/16                _____
                                PETER BIRCH
                                ATTORNEY FOR DEFENDANT

Date: 9/2/16                _____
                                WILLIAM ANTHONY GILDERSLEEVE
                                DEFENDANT